[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12305

_____

D. C. Docket No. 2:08-cv-00276-VEH


MARJAN VAKILI, and
FAITH PROPERTIES, LLC,

Plaintiffs-Appellants,


versus


CHARLES F. STEPHENSON,
BROOKESTONE PLACE, LLC,
et al.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 25, 2012)

Before DUBINA, Chief Judge, EDMONDSON, Circuit Judge, and RESTANI ,* Judge.

_____

  * Honorable Jane A. Restani, United State Court of International Trade Judge, sitting by designation.

PER CURIAM:

This state-law diversity case arises out of the defendants' attempts to collect debts owed by Kevin Vakili. Plaintiffs Marjan Vakili (Mr. Vakili's wife) and Faith Properties sued several defendants: Appellees Charles F. Stephenson, Providence Place, LLC, and Brookestone Place, LLC ("Defendants"); and two non-Appellee defendants. Plaintiffs claimed, among other things, that the Stephenson Parties violated Alabama law by wrongfully foreclosing on some of the Vakilis' properties. Defendants cross- and counterclaimed, alleging that Plaintiffs and Mr. Vakili (who had been joined as a third-party defendant, along with Sina Jashfar, Mrs. Vakili's son) fraudulently transferred property to avoid Mr. Vakili's creditors.

After discovery, the district court granted Defendants' motion for summary judgment and dismissed with prejudice all claims brought by Plaintiffs against Defendants. The district court entered final judgment in favor of Defendants and charged attorney's fees and costs to Plaintiffs, plus Mr. Vakili and Mr. Jashfar. From a study of the case, including the oral arguments made to us, we conclude that no reversible error has been presented.

Plaintiffs and Mr. Vakili[1] ask the Court to reverse three of the district court's decisions in this case: (1) the grant of summary judgment for Defendants because the "unclean hands" doctrine barred Plaintiffs from seeking equitable relief; (2) an order compelling production of certain communications between the Vakilis and their lawyer; and (3) the award under the Alabama Litigation Accountability Act of attorney's fees and costs to Defendants.

We affirm all of the appealed-from decisions of the district court: the district court did not abuse its discretion by applying the "unclean hands" doctrine, the district court did not abuse its discretion by compelling production of the attorney-client communications, and the district court made no error in charging attorney's fees and costs to Plaintiffs and to Mr. Vakili for claims and defenses asserted without substantial justification.

AFFIRMED.

---

[1] The Notice of Appeal and other documents filed with the Court establish that Mr. Jashfar did not appeal the district court's decisions.

3